■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DENNIS LANDY, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Queens County, dated November 28, 1979, dismissing his petition. On this court's own motion, the matter is hereby converted to a CPLR article 78 proceeding in light of the sentences subsequently imposed on petitioner for independent crimes (see CPLR 103, subd [c]; *Matter of Piersma v Henderson,* 60 AD2d 1001, affd 44 NY2d 982). Judgment affirmed, without costs or disbursements. The record adequately supports the determination that it was petitioner's choice to refuse to appear at the scheduled parole revocation hearing. Cohalan, J. P., Margett, O'Connor and Weinstein, JJ., concur.

■

## (May 19, 1980)

■ WILLIAM AROYA, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated April 19, 1978, which, after a hearing, sustained certain disciplinary charges which had been preferred against the petitioner and ordered his dismissal from the transit authority police department. Matter remanded to the Supreme Court, Kings County, to hear and report on the issue of the terms of the alleged oral agreement entered into between the petitioner and the authority on December 6, 1977 in settlement of the grievance proceeding commenced by the petitioner against the authority on or about July 15, 1977. In the interim, the determination of the proceeding will be held in abeyance. On the basis of the present record, it is impossible to determine whether the agreement allegedly entered into on December 6, 1977 in the context of the grievance proceeding was also intended to affect the contemporaneously pending disciplinary proceeding and, if so, to what extent. Accordingly, it is imperative to establish to the fullest extent possible the subject matter of that alleged oral agreement and the nature of its terms, particularly insofar as it regards (1) the scope of the inquiry to be made by the independent doctor who was to examine the petitioner, (2) the impact that his findings were to have on the pending grievance and disciplinary proceedings and (3) the action to be taken in either proceeding in the event that the doctor's examination and/or report proved inconclusive. The terms of any such agreement which may have been reached by the respective parties will be relevant to the proper resolution of the issues presented in this CPLR article 78 proceeding. Hopkins, J. P., Damiani, Gulotta and O'Connor, JJ., concur.